FILED
United States Court of Appeals
Tenth Circuit

December 27, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DAMON JERMAINE DAVIS,

Defendant-Appellant.

No. 07-6219
(D.C. No. 07-cr-00061-HE-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **LUCERO**, and **TYMKOVICH**, Circuit Judges.

Defendant Damon Jermaine Davis pleaded guilty, pursuant to a plea agreement, to a charge of possessing a stolen firearm in violation of 18 U.S.C. § 922(j). The district court sentenced Mr. Davis to 120 months' imprisonment and three years' supervised release. This sentence was at the statutory maximum of 10 years' imprisonment and one month below the bottom of the 121-to-151

---

[*]    This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

month advisory guideline range determined by the district court. Mr. Davis agreed in his plea agreement to waive his right to appeal "his sentence as imposed by the Court and the manner in which the sentence is determined," if his sentence was "within or below the advisory guideline range determined by the Court to apply to this case." Mot. to Enforce, Ex. 2 (Plea Agrmt.) at 5. Nevertheless, Mr. Davis filed an appeal, seeking to appeal his sentence and the manner in which it was determined by the court. The government has moved to enforce the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the government's motion and dismiss the appeal.

In *Hahn*, 359 F.3d at 1325, this court held that "in reviewing appeals brought after a defendant has entered into an appeal waiver," this court will determine "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." A miscarriage of justice will result if (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Id.* at 1327 (quotations omitted).

Mr. Davis seeks to claim on appeal that the district court placed undue emphasis on the advisory sentencing guidelines. He contends that (1) the motion

to enforce should be denied because he did not contemplate the possibility the court would give undue influence to the sentencing guidelines and, therefore, his appeal is outside the scope of the appeal waiver, and (2) his appeal waiver was not knowing and voluntary. He further contends enforcing the waiver would result in a miscarriage of justice, arguing the waiver is otherwise unlawful because (1) the district court accorded more weight to the guidelines than is procedurally or substantively reasonable, and (2) no defendant can be aware of district court error until the sentence is imposed.

This court has previously rejected these same types of attacks on appeal waivers. Mr. Davis's plea agreement clearly precludes any appeal of his sentence "*and the manner in which the sentence is determined*," if the sentence imposed is "within or below the advisory guideline range determined by the Court." Plea Agrmt. at 5 (emphasis added). Thus, Mr. Davis's appeal is precluded by the plain language of his appeal waiver. *See United States v. Sandoval*, 477 F.3d 1204, 1206-07 (10th Cir. 2007) (finding claim within scope of appeal waiver and noting that this court will not hesitate to hold a defendant to the terms of a lawful plea agreement). Further, we rejected in *Hahn*, the same knowing-and-voluntary argument Mr. Davis makes; namely, that a defendant does not knowingly and voluntarily waive his appellate rights because he does not know in advance what sentencing errors the court might make. 359 F.3d at 1326; *see also Sandoval*, 477 F.3d at 1208 (noting that this court has "rejected the notion that a defendant

must know with specificity the result he forfeits before his waiver is valid" (quotation omitted)). And in *Sandoval*, we reiterated our prior holdings that sentencing errors do not establish that enforcement of the appeal waiver would be unlawful, under the miscarriage-of-justice inquiry. 477 F.3d at 1208 ("Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful . . . .").

Accordingly, we GRANT the government's motion to enforce the appeal waiver in the plea agreement and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM